

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 26, 1969

Hon. F. T. Graham                    Opinion No. M-524
Criminal District Attorney
Cameron County                       Re: Construction of H.B. 87,
Brownsville, Texas                        Acts 61st Leg., R.S. 1969,
                                          Ch. 455, p. 1512, concerning
                                          sale of real estate owned
Dear Mr. Graham:                          by political subdivisions.

        In your letter requesting an opinion from this office,
you submit certain facts which we quote, in part, as follows:

        "We desire your opinion as to what effect,
    if any, the above cited House Bill No. 87 will
    have upon Articles 1577 and 7345b, Section 9,
    Vernon's Annotated Civil Statutes of the State
    of Texas.

        ". . .

        "It is noticed that the codifier has styled
    House Bill No. 87 as 'Public Lands Sale by
    Political Subdivisions-Publication of Notices'
    and has by foot note No. 53 indicated that
    House Bill No. 87 when ultimately codified
    will be an amendment to Article 5421c, Sec-
    tion 12 of Vernon's Annotated Civil Statutes of
    the State of Texas.  However, nowhere in the
    caption of House Bill No. 87 and in the body of
    the House Bill is there any reference to public
    land, or lands, out of the public domain.

        "Article 1577, Vernon's Annotated Civil
    Statutes of the State of Texas, sets out the
    procedure by which the Commissioners' Court may
    appoint a commissioner to sell and dispose of
    any real estate of the county at public auction;
    and Article 7345b, Section 9, of said Vernon's
    Statutes provides the procedure for disposing
    of property purchased by the taxing unit as
    trustee.

-2496-

"Article 7345b, Section 9, provides, in part, that the taxing unit previously purchaser of property at a tax sale may dispose of said property at any time in any manner determined to be most advantageous to said taxing unit, or units, either at public or private sale."

With regard to these facts, you ask the following questions:

"We should appreciate your opinion as to whether or not the above cited House Bill No. 87 is a general bill, and as such does it repeal Article 1577, and Section 9 of Article 7345b, Vernon's Civil Statutes of the State of Texas?

"We also are concerned as to how the codifier classified House Bill No. 87 as an amendment to Article 5421c, Section 12 of Vernon's Annotated Civil Statutes of the State of Texas."

House Bill 87, Acts 61st Legislature, Regular Session, chapter 455, page 1512, effective June 10, 1969, provides, in part, as follows:

"Section 1. No land owned by a political subdivision of the State of Texas may be sold without first publishing in a newspaper of general circulation in the county where the land is located or in an adjoining county, if there is no such newspaper, a notice that the land is to be offered for sale to the general public, its description, its location and the procedures under which sealed bids to purchase the land may be submitted. Notice shall be so given at least on two separate occasions and no sale shall be held less than 14 days after the last notice.

"Sec. 2. Land owned by a political subdivision that wishes to contract with an independent foundation for the development of that land need not be offered for sale on public bid nor sold to the highest bidder.

"Sec. 3. Nothing in this Act shall require the governing body of any such political

subdivision to accept any bid or be required
to consummate any sale.

".  .  ."

Article 1577, Vernon's Civil Statutes, and Article
7345b, Section 9, Vernon's Civil Statutes, are each special
laws which detail the procedure for the sale and disposal
of land owned by political subdivisions of the State named
therein.  House Bill 87 (Article 5421c-12) is a general law
which pertains to the sale of land by all political sub-
divisions of the State.  In answer to your first question,
you are advised that it is well settled that special legis-
lation is not repealed by a later general act unless specifi-
cally mentioned in the general law or such purpose was made
manifest from the plain provisions of the general law.  Paul
v. State, 106 S.W. 448 (Tex.Civ.App. 1907, error ref.), Art.
7345b, Sec. 13, V.C.S.  It is noted in this respect that H.B.
87 contains no repealing clause nor is such a purpose made
manifest in the provisions of the bill.  Consequently, it is
our opinion that H.B. 87 in no manner repeals Article 1577 or
Article 7345b, Section 9, Vernon's Civil Statutes.

This does not mean, however, that H.B. 87 has no
effect.  It is a well established rule that when a general
intention is expressed and also a particular intention which
is incompatible with the general one, the particular in-
tention which is incompatible with the general one shall
be considered an exception to the general and in such cases,
full effect may be given to the general rule beyond the scope
of the local or special law and by allowing the latter to
operate according to its special purposes and aims the two
acts can stand together.  Paul v. State, supra.

Moreover, in this regard, it was held in the case of
Gabbert v. City of Brownwood, 176 S.W.2d 344 (Tex.Civ.App. 1943,
error ref.),  that when a statute makes a general provision for
all cases such as for all highways in all counties and a special
provision for a particular class such as highways in cities and
towns, the latter prevails insofar as the particular class is
concerned.  This is so whether the general and special statutory
provisions are contained in the same act or  different acts.
Trinity Universal Co. v. McLaughlin, 373 S.W.2d 66 (Tex.Civ.App.
1963, rehearing denied 374 S.W.2d 350, no writ).

Therefore, on the basis of the foregoing authorities,
it is our opinion that H.B. 87 is operable outside the scope

of Article 1577, Vernon's Civil Statutes, and Article 7345b, Section 9, Vernon's Civil Statutes.

The constitutionality of Section 2 of H.B. 87 is not before us, and therefore we do not express any opinion on same.

In answer to your second question, you are advised that H.B. 87 will be codified as a new Article 5421c-12, rather than an amendment to Article 5421c.

### S U M M A R Y

H.B. 87 is a general law but does not in any manner repeal Article 1577 or Article 7345b, Section 9, Vernon's Civil Statutes. H.B. 87 is operable outside the scope of Article 1577, Vernon's Civil Statutes, and Article 7345b, Section 9, Vernon's Civil Statutes.

H.B. 87 will be codified as a new Article 5421c-12 rather than an amendment to Article 5421c, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
John Banks
Vince Taylor
Sam  Jones
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant